UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

RICHARD LEE CANTERBURY, )
)
                Petitioner, )
  vs. )   No. 1:09-cv-396-LJM-DML
)
GREG ZOELLER, Indiana Attorney )
 General, )
)
                Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Richard Canterbury ("Canterbury") for a writ of habeas corpus must be dismissed for lack of jurisdiction.

**Discussion**

Canterbury seeks habeas corpus relief with respect to his 2006 conviction in No. 29D02-0403-FC-42 in an Indiana state court (the "state conviction"). The pleadings and the expanded record show that: 1) Canterbury is in federal custody serving the executed portion of sentences imposed by the United States District Court for the Southern District of Texas; 2) Canterbury was discharged from the sentence imposed in the state conviction on November 5, 2007; and 3) the present action was filed with the clerk on March 31, 2009.

When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001); *Maleng v. Cook,* 490 U.S. 488, 492 (1989) (per curiam)("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."). The federal sentences he is presently serving, moreover, could not have been enhanced by the state conviction because the state conviction was entered after the federal sentences were imposed.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.,* at 490 (1989)(*per curiam*) (quoting 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a)("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.,* at 490-491.

Based on Canterbury's failure to satisfy the "in custody" requirement of the federal habeas statute, this action must be **dismissed for lack of jurisdiction**. *Cook v. Winfrey,* 141 F.3d 322, 325 n.2 (7th Cir. 1998)("if the court is without jurisdiction over the subject matter, its only proper course would have been to note the absence of jurisdiction and dismiss the case on that ground"); *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998)("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.").

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/02/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana